UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN T. WILKIN and
KRISTI E. WILKIN,

       Plaintiffs,

                                                Case No. 1:13-cv-1207

v.                                                    Hon. Hugh W. Brenneman, Jr.

WELLS FARGO HOME MORTGAGE,
INC.,

       Defendant.
_____/

**OPINION**

Plaintiffs, Stephen T. Wilkin ("Mr. Wilkin") and Kristi E. Wilkin ("Mrs. Wilkin") filed this action against defendant Wells Fargo Home Mortgage, Inc., to delay the foreclosure sale of certain property and for damages. *See* Compl. (docket no. 1-1). This matter is now before the Court on defendant's motions for judgment on the pleadings (docket no. 16) and for summary judgment (docket no. 32).

**I.**      **Background**

Plaintiffs own real property located at 1463 Manton St. NE, Grand Rapids, Michigan (the "property"). Compl. at p. 1. This property was mortgaged on September 29, 1995 (sometimes referred to as the "1995 mortgage" or "plaintiffs' mortgage") as security for a loan made by Heartwell Mortgage Corporation ("Heartwell") to plaintiffs (sometimes referred to as the "1995 loan" or "plaintiffs' loan"). *Id.* Plaintiffs' complaint alleged that defendant does not authority to foreclose the 1995 mortgage, because it failed to provide "satisfactory evidence" of its authority to service and foreclose the mortgage. *Id.* at ¶ 1. The complaint raised two claims: (1) that defendant

"has refused to provide for Plaintiffs' review and inspection the original Promissory Note signed by Plaintiffs on September 29, 1995;" and (2) that defendant proceeded to foreclose the 1995 mortgage by advertisement without producing sufficient evidence of its authority that it was either the mortgagee or the servicer of the 1995 loan. *Id.* at ¶¶ 2-4.

Plaintiffs filed this action in the Kent County Circuit Court on October 8, 2013, one day before the scheduled sheriff's sale of the property. *Id.* at p. 1 and ¶ 4. In their complaint, plaintiffs seek, among other relief, that the Court order defendant to cease and desist all activity related to the foreclosure, rescind any sale of the property arising from the foreclosure, order defendant to produce the original promissory note for the 1995 loan, and award them unspecified damages. *Id.* at pp. 3-4.

Defendant removed this action to the Western District of Michigan as a diversity action pursuant to 28 U.S.C. §§ 1441 and 1446. *See* Notice of Removal (docket no. 1). In its answer, defendant stated that it produced a legible, true and accurate copy of the promissory note to plaintiffs on at least two occasions, i.e., July 18, 2013 and August 19, 2013. Answer at ¶ 2 (docket no. 6). Defendant admitted that it initiated foreclosure proceedings, but denied that a foreclosure sale took place on October 9, 2013. *Id.* at ¶ 4.

Finally, plaintiffs do not dispute that they are in arrears on the 1995 loan. In their Joint Status Report filed on December 6, 2013, plaintiffs admit that they missed three payments in 2009, that they agreed to a loan modification, and that they "continued to make regular payments *until 2011.*" *See* Joint Status Report at p. 3 (docket no. 9) (emphasis added). In addition, Mr. Wilkin testified that they also defaulted on the loan back in 2007, giving rise to a forbearance agreement and loan modification. *See* Stephen T. Wilkin Dep. (docket no. 33-1).

**II.     Legal Standard**

Defendant filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed  -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard of review for a Rule 12(c) motion is the same as for a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  "In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."  *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004).  "A district court generally may only consider matters outside the pleadings if they treat the motion 'as one for summary judgment under Rule 56.'"  *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 405 (6th Cir. 2012), citing Fed.R.Civ.P. 12(d).  Here, defendant's motion included five exhibits which were not attached to the pleadings.  *See* Exhibits (docket nos. 17-1, 17-2, 17-3, 17-4 and 17-5).  For their part, plaintiffs' response included 26 pages of new exhibits.  *See* Exhibit A (docket no. 28-1).

Less than two months after filing the motion for judgment on the pleadings, defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Given the similarity of the matters raised in the motion for judgment on the pleadings and the motion for summary judgment, the fact that both parties treated the motion for judgment on the pleadings as a motion for summary judgment (by including new exhibits), and the fact that defendant relied on its brief from the motion for judgment on the pleadings in support of its motion for summary judgment, the Court will address both motions as seeking summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

#### A. Plaintiffs' claim that defendant did not produce the original promissory note prior to commencing foreclosure.

Plaintiffs contend that defendant was not authorized to commence the foreclosure by advertisement because it failed to produce the original promissory note. Plaintiffs' claim is without merit. Under Michigan law, "[a] mortgagee may foreclose on a mortgage without producing the note secured by the mortgage." *Sallie v. Fifth Third Bank*, 297 Mich.App. 115, 118, 824 N.W.2d 238(2012). *See Witek v. Mortgage Electronic Registration Systems, Inc.*, No. 1:11-cv-216, 2012 WL 2261363 at *3 (W.D. Mich. June 15, 2012) ("[c]ontrary to Plaintiffs' assertions, the foreclosure statute [M.C.L. § 600.3204(1)(d)] does not require production of the note"). Accordingly, defendant's motions will be granted as to plaintiffs' claim that it failed to produce the original promissory note.

> **B. Plaintiffs' claim that defendant was not authorized to foreclose the mortgage in its capacity as the mortgagee.**

Foreclosure by advertisement is governed by M.C.L. § 600.3204. Defendant initiated the foreclosure proceeding by publishing the first notice of foreclosure sale on September 11, 2013. *See* Affidavit of Publication (docket no. 17-5). At that time, the statute provided in pertinent part that a party may foreclose a mortgage by advertisement if "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." *See* M.C.L. § 600.3204(1)(d) (eff. July 3, 2013). The statute further provided that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. §

600.3204(3) (eff. July 3, 2013).[1] *See Hargrow v. Wells Fargo Bank N.A.*, 491 Fed.Appx. 534, 538 (6th Cir. 2012) (under Michigan law, "the proper assignee of a mortgage retains the same rights as the original mortgagee"); *Residential Funding Co., L.L. C. v. Saurman*, 490 Mich. 909, 910; 805 N.W.2d 183, 184 (2011) ("the Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement"). Finally, Michigan law provides that "a party's failure to satisfy the statutory notice requirements when foreclosing by advertisement renders the resulting sale voidable." *Hargrow*, 491 Fed.Appx. at 537. *See Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329 (2012) ("we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*").

Notably, plaintiffs filed this action before the sheriff's sale scheduled for October 9, 2013. There is no evidence before the Court that the sale occurred on that date or at any time after plaintiffs filed this action. Because there has been no sale, it is premature for plaintiffs to contest defendant's authority to foreclose the property pursuant to M.C.L. § 600.3204(3). "The plain language of MCL 600.3204(3) requires nothing more than a record chain of title prior to the date of the sheriff's sale, and whether one existed at the time of the originally scheduled, but postponed, sheriff's sale is wholly immaterial." *First American Title Insurance Co. v. Harrington*, No. 306290, 2012 WL 6604703 at *4 (Mich. App. Dec. 8, 2012). *See also, Kukuk v. HSBS Bank USA, National Association*, No. 310616, 2014 WL 132269 at *4 (Mich. App. Jan. 14, 2014) (finding that plaintiff

---

[1] M.C.L. § 600.3216 regulates the conditions of the foreclosure sale, providing that, "The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder."

mortgagor's claim failed "as a matter of fact" and that defendants did not violate M.C.L. § 600.3204(3) because "[t]hat section only requires that a record chain of title exist 'prior to the date of sale,' and it is undisputed that no sale occurred during the trial court proceedings"). Accordingly, defendant is entitled to summary judgment on this claim.[2]

---

[2] While it is unnecessary for the Court to reach the issue of whether defendant had a chain of title as required under M.C.L. § 600.3204(3), the Court notes that the record does not clearly demonstrate that such a chain of title exists. Defendant has presented copies of the following documents recorded in the Kent County Register of Deeds. First there is plaintiffs' mortgage in the amount of $84,550.00 in favor of Heartwell Mortgage Corporation, dated September 29, 1995 and recorded October 3, 1995 in Liber 2717 at p. 1219. *See* Mortgage (docket no. 17-1). Heartwell assigned the mortgage to The Prudential Home Mortgage Company, Inc. ("Prudential"), pursuant to an assignment dated October 16, 1995 and recorded October 30, 1995 in Liber 3731 at p. 525. *See* Assignment to Prudential (docket no. 17-2). Then, Prudential assigned the mortgage to Norwest Mortgage, Inc., pursuant to an assignment dated May 11, 1996 and recorded on September 11, 1996 in Liber 3920 at p. 1111. *See* Assignment to Norwest Mortgage, Inc. (docket no. 17-3). The chain of title presented by defendant ends in 1996, with Norwest Mortgage, Inc. as the record holder of plaintiff's mortgage.

Plaintiffs have submitted a document dated May 4, 2004, entitled "Agreement of merger of Wells Fargo Home Mortgage, Inc., a California Corporation, into Wells Fargo Bank, National Association, a national banking association," with the surviving corporation being "Wells Fargo Bank, National Association." *See* Agreement of Merger (docket no. 1-2). Finally, the Notice of Foreclosure Sale published in Kent County identified the mortgagee as "Wells Fargo Bank, N A successor by merger to Wells Fargo Home Mortgage, Inc., fka Norwest Mortgage, Inc." *See* Aff. of Publication (docket no. 17-5). The mortgagee named in the notice identified itself in this litigation as "Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Inc." *See* Motion for judgment on the pleadings at p. 2; Motion for summary judgment at p. 2. Notwithstanding these assertions, this record, without further explanation, does not show an actual chain of title from the original mortgagee, Heartwell Mortgage Corporation, to the defendant in this action, Wells Fargo Bank, N.A. d/b/a/ Wells Fargo Home Mortgage, Inc., and the documents submitted by defendant only confuse the matter. Defendant supplemented this chain of title with a document to show that it is the successor in interest of the mortgage through a merger with "Norwest." Specifically, defendant submitted a copy of a Form 8-K which reports that effective November 2, 1998, "Wells Fargo & Company" merged with and into WFC Holdings Corporation ("WFC Holdings"), a Delaware Corporation and wholly-owned subsidiary of Norwest Corporation, with WFC Holdings as the surviving corporation. Form 8-K (docket no. 17-4). The form further states that the surviving corporation changed its name to "Wells Fargo & Company." *Id.*

Finally, the Court notes that in its Disclosure of Corporation Affiliations and Financial Interest (docket no. 4), defendant states that "Wells Fargo & Company is the parent corporation of Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, Inc." While this document is intended to meet the disclosure requirements of Fed. R. Civ. P. 7.1, the Court does not consider this federal court disclosure to be part of the record chain of title required by M.C.L. § 600.3204(3).

### C. Plaintiffs' claim that defendant was not authorized to foreclose the mortgage in its capacity as the servicing agent of the mortgage.

Finally, defendant seeks summary judgment on the ground that it was authorized to foreclose the mortgage because it was a servicer of the loan. *See* M.C.L. § 600.3204(1)(d) (eff. July 3, 2013). In support of its motion, defendant submitted portions of Mr. Wilkin's deposition testimony. *See* Stephen Wilkin Dep. at pp. 10-11, 16-17, 21-22, 25, 27-28, 32-33, 35. This deposition testimony, however, does not clarify which "Wells Fargo" entity serviced the mortgage. When asking plaintiff about a 2007 forbearance agreement, defendant's counsel noted that the agreement referred to two different "Wells Fargo" entities. One portion of the forbearance agreement stated that "During this Special Forbearance Agreement, payments are to be made to Wells Fargo Home Mortgage," while a later portion stated that "Wells Fargo Bank, NA is required by the Fair Debt Collection Practices Act to inform you that if your loan is currently delinquent or in default, as your loan servicer, we will be attempting to collect a debt, and any information obtained will be used for that purpose." *Id.* at pp. 10-11. Plaintiff testified that a forbearance plan entered into in 2009 stated that "payments are to be mailed to Wells Fargo Home Mortgage." Stephen Wilkin Dep. at p. 16. Plaintiff agreed that after entering into the forbearance plan in 2009, he continued "to remit payment to Wells Fargo." *Id.*

While Mr. Wilkin testified that he remitted payments to "Wells Fargo," documents submitted to this Court reflect that there were nine entities whose names included the words "Wells Fargo." [3] Any of these entities could reasonably be referred to as "Wells Fargo." Viewing the

---

[3] *See* "Wells Fargo Bank, N.A. [a citizen of South Dakota] d/b/a Wells Fargo Home Mortgage, Inc." (Notice of Removal); "Wells Fargo Bank N.A." (Letter from Trott & Trott Attorneys, dated May 22, 2013) (docket no. 1-3); "Wells Fargo Home Mortgage, Inc., a California corporation" (Agreement of Merger, dated May 4, 2004) (docket no. 1-2); "Wells Fargo & Company" incorporated in Delaware with principal executive

Case 1:13-cv-01207-HWB   ECF No. 43 filed 10/28/14   PageID.214   Page 9 of 10

evidence in the light most favorable to the nonmoving party (plaintiffs), the Court concludes that a question of fact exists as to whether defendant is the "Wells Fargo" which Mr. Wilkin testified was the servicer of the 1995 loan. However, this disputed issue of fact does not preclude granting summary judgment to defendant. Under M.C.L. § 600.3204(1)(d), a party may foreclose a mortgage by advertisement if it is *"either* the owner of the indebtedness . . . *or* the servicing agent of the mortgage." M.C.L. § 600.3204(1)(d) (eff. July 3, 2013) (emphasis added). Even though a question of fact exists as to whether defendant was the "Wells Fargo" which was the servicing agent authorized to foreclose plaintiffs' mortgage, the issue of whether defendant was authorized to foreclose the mortgage in its capacity as the mortgagee (and therefore whether it was the owner of the indebtedness secured by the mortgage) is still an open question which, as previously noted, is premature to resolve at this time. *See* M.C.L. § 600.3204(3); *Kukuk*, 2014 WL 132269 at *4; *First American Title Insurance Co.*, 2012 WL 6604703 at *4. Accordingly, defendant's motion for summary judgment will be granted.

---

offices located in San Francisco, California (Form 8-K) (docket no. 17-4); "Wells Fargo Bank, N A successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." (Affidavit of Publication) (docket no. 17-5); "Wells Fargo Bank, N.A. Sioux Falls, South Dakota" (Consent Order No. AA-EC-11-19 (undated)) (docket no. 35-1); "Wells Fargo & Company, San Francisco, California, a registered bank holding company" which "owns and controls Wells Fargo Bank, N.A., San Franciso California," (Consent Order No. 11-025-B-HC, dated April 13, 2011) (docket no. 30-1); "Wells Fargo Home Mortgage" (letter to plaintiffs, dated Aug. 19, 2013) (docket no. 28-1 at p. 15); and "Wells Fargo" (Letter from Board of Governors of the Federal Reserve System, dated Nov. 13, 2012) (docket no. 28-1 at p. 21). While some of these names may well be variations of the same entity, the record in this case does not clarify the relationships between the entities.

**IV.    Conclusion**

For the reasons stated, defendant's motions for judgment on the pleadings (docket no. 16) and for summary judgment (docket no. 32) will be **GRANTED** and this action **TERMINATED**.  An order consistent with this opinion shall be issued forthwith.

Dated:  October 28, 2014                            /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge